UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HANNAH MUNGAMURI, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:19 CV 2393 CDP |
| GAIL CHOATE, | ) ) ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Hannah Mungamuri brings this action for injunctive relief under 42 U.S.C. § 1983 claiming that defendant Gail Choate, Acting Director of Planning for the St. Louis County Planning Commission, violated the Equal Protection Clause of the Fourteenth Amendment by her July 2019 interpretation of the Medical Marijuana Facility Zoning Ordinance. I will grant defendant Choate's motion to dismiss for the reasons stated by Choate.

In her *pro se* complaint, Mungamuri claims that, as Acting Director of Planning, defendant Choate submitted to the St. Louis County Zoning Commission an interpretation of a proposed amendment to Chapter 1003 of the St. Louis County Code of Ordinances concerning designated sites for medical marijuana facilities. According to Mungamuri, the sites proposed by Choate's interpretation were unfairly concentrated in geographic areas populated by less affluent and/or

less educated persons, thereby depriving Mungamuri of equal treatment under the law. In response to Choate's motion to dismiss, Mungamuri also asserts that the proposed sites for medical marijuana facilities unfairly target areas with minority children who will thereby be placed at greater risk of using marijuana. Mungamuri seeks a preliminary injunction, asking that the status quo be maintained and that I restrain the Planning Commission from granting operating licenses to any medical marijuana facilities throughout its jurisdiction until the siting of the medical marijuana facilities adheres to constitutional requirements.

In her motion to dismiss, Choate contends that Mungamuri's complaint must be dismissed under Rules 8(a) and 12(b)(6), Federal Rules of Civil Procedure, arguing that Mungamuri fails to state how Choate is responsible for any alleged violation of Mungamuri's constitutional rights and, further, that the complaint fails to allege sufficient facts to establish Choate's official liability for any such violation. For the reasons that follow, I agree.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, I assume the factual allegations of the complaint as true and construe them in plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). I am not bound, however, to accept as true a legal conclusion couched as a factual allegation. *Id.* at 555. "While legal conclusions can provide

the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The federal pleading rules provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Iqbal,* 556 U.S. at 678. The factual allegations must be sufficient to "'raise a right to relief above the speculative level.'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). More than labels and conclusions are required. *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A civil rights complaint must contain facts that state a claim as a matter of law and must not be conclusory. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc).

Neither Mungamuri's complaint nor her response to Choate's motion to dismiss indicates that Choate is sued in her individual capacity. I therefore presume that Choate is being sued in her official capacity only. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

In an official capacity claim against an individual, the claim is actually

"against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal quotation marks and citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). *See also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that "[a] plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that "[a] suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). Therefore, because defendant Choate is an employee of St. Louis County, Mungamuri's claim is actually a claim against St. Louis County. *See Mick*, 883 F.3d at 1079.

In order to prevail on her official capacity claim, Mungamuri must establish St. Louis County's liability for the alleged unconstitutional conduct of its employee. *Kelly*, 813 F.3d at 1075. To do this, Mungamuri must show that the violation of her constitutional rights "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick*, 883 F.3d at 1079 (internal quotation marks and citation omitted).

Neither in her complaint, nor in response to Choate's motion to dismiss, does Mungamuri specify a policy or custom that was the moving force behind Choate's alleged unconstitutional interpretation of zoning ordinances concerning the siting of medical marijuana facilities. *See Calgaro v. St. Louis Cty.*, 919 F.3d 1054, 1058 (8th Cir. 2019), *cert. denied sub nom. Calgaro v. St. Louis Cty., Minn.*, No. 19-127, 2019 WL 4922749 (U.S. Oct. 7, 2019). While Munganari need not specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss, the "failure to include any 'allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom' renders the complaint deficient." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe v. School Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)).

Mungamuri fails to include any language or facts from which an inference can be drawn that St. Louis County has a policy or custom of siting medical marijuana facilities in less affluent areas of its jurisdiction, in areas where residents are less educated, or in areas where minority children would be susceptible to increased risk of marijuana use. She does not allege that Choate is a final policy maker or that the County took any action based on Choate's interpretation. Nor does Mungamuri allege that the County was deliberately indifferent in failing to

train or supervise its employees with regard to such siting. Because Mungamuri's complaint does not allege facts which would support the existence of an unconstitutional policy or custom, or a finding that St. Louis County failed to train or supervise its employees, the complaint is deficient and will be dismissed. *Crumpley-Patterson*, 388 F.3d at 591.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Gail Choate's motion to dismiss [6] is **GRANTED.**

A separate Order of Dismissal is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of November, 2019.